Mosely v. Withie.

## John F. Mosely v. John W. Withie.

A co-tenant claiming the benefit of the ten years statute of limitations
against his co-tenant, must show, 1st, adverse possession of the land for
the whole period ; and, 2d, exclusive claim to the land, within the know-
ledge of his co-tenant, during the same period.    Exclusive claim for ten
years without concurrent adverse possession, or adverse possession for ten
years without concurrent exclusive claim within the knowledge of the
co-tenant, is not sufficient.

Under the five years statute of limitation, the adverse possession must be
continuous throughout the term.

The defence of stale demand is not maintainable by one tenant in common
against a suit for partition by his co-tenant, when the defendant derives
his title under the plaintiff, and does not show that he had repudiated
such title, or that his adverse claim to the land had been brought to the
knowledge of the plaintiff for a sufficient length of time to bar a recovery
under the statutes of limitation.    Such a defence might be available to a
defendant holding the legal title, where the plaintiff sought to enforce an
equitable title against him.

A party is sued for a tract of land, a portion of which he has previously sold
to another person ; under a plea of the statute of limitations, his vendee's
possession does not enure to his benefit beyond the limits of the portion
of the tract so sold.    The case of Cunningham v. Frandtzen, ante, 34, cited
and approved.

Mosely v. Withie.

See this case for answers held insufficient to present the defence of stale demand, or the statutes of limitation of ten years.

ERROR from Harrison. Tried below before the Hon. R. A. Reeves.

This was a suit of trespass to try title brought December 1st, 1856, by John W. Withie, the defendant in error, against Mosely, the plaintiff in error, and one Smiley, for one labor of land on the Big Cypress, opposite the town of Jefferson. By an amendment, filed September 17th, 1858, the plaintiff changed the character of his suit, and alleged the sale by him of an undivided half-interest in the land to one Berry H. Durham, and a subsequent sale of the same by Durham's administratrix to Mosely; and prayed that he be placed in possession as tenant in common with Mosely, or that a partition be decreed between them.

The land in controversy was patented to John Caldwell, on the 29th of January, 1846. On the trial the plaintiff proved a sale of the certificate by deed from Caldwell to James Bourland, and title from Bourland to plaintiff, and a sale of an undivided half interest in the land by title bond from himself to Berry H. Durham, under whose estate the defendant claimed.

The defendant Smiley disclaimed. Defendant Mosely pleaded "not guilty," the statute of limitations of three years and of five years. By amendment defendant answered further, "That plaintiff's cause of action, if any he ever had, accrued unto him more than ten years next before the institution of this suit; that said land here sued for was surveyed for, and at the special instance, request and expense of Berry H. Durham, on or about the 3d day of January, 1844, and patented in the name of John Caldwell, at the expense of and for said Durham, on the 29th day of January, 1846, and was possessed, and claimed, and owned by said Durham adversely to plaintiff, until November, 1848, when he died; and his administratrix, Eliza Durham as such administratrix, possessed, owned and claimed, and enjoyed the same adversely to the plaintiff, until the first Tuesday in April, 1850, when defendant Mosely purchased said land from said administratrix, and paid a full, fair, and valuable consideration, to wit:

the sum of two hundred dollars to said administratrix, without notice of any adverse or conflicting claim to said land, and has had and held the adverse peaceable possession of said land, claiming, using, and enjoying the same adversely to plaintiff until the institution of this suit, on December 1st, 1856; wherefore defendant avers that plaintiff's cause of action, (if any he ever had,) accrued unto him at the time said Durham had said land located and surveyed on the 3d day of January, 1844, and when said land was patented, January 29th, 1846, at the instance, request and expense of said Durham, and the said Durham procured the said David Hill, as surveyor of said county of Harrison, to set up, and assert, and maintain the right, title, interest and claim and possession of said Durham to said land, in the suit of Elisha Ball v. David Hill, surveyor, in this court, on the....day of ...... 1845, and by said Hill's answers, asserting the rights and claims of said Durham to said land, on the....day of November, 1846, all of which was well known to said plaintiff, who stood by and acquiesced in the claim of said Durham to said land. Wherefore defendant avers that whatever rights, title, claim or interest plaintiff may have had in said land, accrued to him at the location and survey thereof, and the issuance of the patent, which was more than ten years next before the institution of this suit, viz : on the ....day of January, 1844, and on the....day of January, 1846, at which time plaintiff's right of entry to said land accrued, (if it ever did accrue,) which is more than ten years next before the institution of this suit. Wherefore he says plaintiff is barred by his acquiescence and silence for more than ten years, and by his neglect, failure and refusal to enter upon said land, or assert, or make known his claim to said land for more than ten years next before the institution of this suit. * * * * * *

* * * And defendant still answering, says plaintiff ought not to have or maintain said suit, because that plaintiff's cause of action (if any he ever had,) is a stale demand which accrued to him against the said Berry H. Durham in his lifetime, on the....day of January, 1844, when the said Durham obtained from plaintiff the said certificate of John Caldwell, by virtue of which said land was located, and surveyed and patented, under the

Mosely v. Withie.

authority and expense of said Durham, with the knowledge, privity and consent of plaintiff, which said land was openly and notoriously claimed, used, and possessed and enjoyed by said Durham adversely to plaintiff, from the date of the survey of said land continuously until the death of said Durham, in November, 1848, and by his administratrix, the said Eliza Durham, as such administratrix, adversely to plaintiff, continuously since his ·death, until the first Tuesday in April, 1850, since which time this defendant Mosely, and the said defendant Smiley, have had the peaceable adverse possession of said land, claiming, using, enjoying and· cultivating the same, and paying taxes thereon, until the institution of this suit adversely to plaintiff, being a period of more than fifteen years and six months next before the commencement of this suit, during which time, viz : on the . . . . day of November, 1855, one E. Ball, by his agent, Allen Urquhart, instituted suit in this court to have said land surveyed for him, said Urquhart, for the use of said Ball, by David Hill, the then surveyor of said county, during which time the said Durham under defendants claimed said land, and employed attorneys to assert his right to said land, under said John Caldwell certificate, which right, title, and claim of said Durham was, by decree of this court, respected and made known to said plaintiff, and all others interested in said land, which suit of Ball v. Hill, and all the papers and entries therein are made part of this answer, and notice given plaintiff that the same will be read in evidence on the trial of the suit. Wherefore defendant avers that the said claim of plaintiff, (if any he ever had,) is barred, because of his neglect to make known and assert his right and claim to said land."

And defendant still answering says, " that plaintiff is estopped from having or maintaining said suit against these defendants, because that during the pendency of said suit of Ball v. Hill, and from and since the termination thereof, the plaintiff had notice of the claim and right asserted and maintained by said Durham to said land, and because the plaintiff had notice of the right and claim asserted and made known to him by said Durham to said certificate when the same was located on said land by said Hill, as surveyor for said Durham, who received said certificate from

Durham; and by plaintiff aiding and assisting in making said sur-
vey for Durham, and permitting him to pay all the expenses of
locating, surveying and patenting said land, and defending the
title thereto when sued for by said Ball, and the said plaintiff's
acquiescence in Durham claiming said certificate and land, from
the ....day of January, 1844, until his death in November,
1848; and his administratrix, since his death until April, 1850,
when defendant Mosely purchased the same at public sale for a
full and fair price, and in good faith paid for the same without
any knowledge of any claim of plaintiff or any other person to said
land, during all of which time, until the institution of this suit,
the plaintiff has, by his silence and acquiescence in the acts of
said Durham and his administratrix, and of the defendants in-
duced defendant to pay out money and expend labor on said land
without any notice of any adverse claim of said land by plaintiff,
whereby plaintiff is estopped from having or maintaining said suit."
The plaintiff moved to strike out the plea of ten years limitation
because insufficient in law, and that portion of said answers
which declared the claim of plaintiff to be a stale demand; also,
that part of the answer setting up the suit of Ball v. Hill. The
court sustained the exceptions, and such parts of the answer were
stricken out.

The defendant proved sale of the labor of land at probate sale
by the administratrix of Durham, first Tuesday in April, 1850,
and purchase by defendant Mosely—the deed of the defendant
Mosely, May 29th, 1850—the inventory of Eliza Durham, admin-
istratrix, filed Feb. 27th, 1849, claiming the Caldwell labor of
land as the property of the estate of Berry H. Durham—the deed
of the administratrix to Mosely was filed for record May 28th, and
recorded May 31st, 1850—that Mosely paid taxes on the land.
(The evidence as to possession is condensed and set out in the
opinion of the court.)

The judge instructed the jury, "The bond for title from the
plaintiff to Berry H. Durham made Durham a joint and equal
owner with Withie in the certificate and survey, and if the jury
find that the land mentioned in the bond has been shown to be the
tract described in the deed from Mrs. Durham as administratrix

to Mosely, the plaintiff would be entitled to recover one equal undivided interest of one-half of the same, unless his claim is barred by the statute of limitations. If Mosely, by himself or tenants, went into possession of the tract, claiming under his deed the whole tract according to the boundaries in the deed, adversely to the plaintiff, exercising notorious acts of exclusive ownership for the period of five years next before the commencement of this suit, on Dec. 1st, 1856, it would be a bar to plaintiff's right to recover. The possession by the tenants must have been taken by and for Mosely, and must have been continuous and uninterrupted for said period of time, but unless these facts have been made to appear in the evidence, the plaintiff's right would not be barred."

The defendant asked the court to instruct the jury " that neither an actual residence on, nor an enclosure of land by a fence is necessary to constitute adverse possession thereof under the section of the act of limitations prescribing five years ; and that there are many other acts equally evincive of an intention to assert ownership and possession—such as entering lands and making improvements thereon—raising a crop of corn, felling and selling the trees thereon," which was refused by the court. Verdict for plaintiff for one half interest in the land. Motion for new trial was overruled.

*M. J. Hall*, for plaintiff in error. It is believed and insisted that the court erred in excluding the pleas of defendant of ten years limitation, and his plea of stale demand. These pleas are certainly authorized by law, and they are believed to have been well framed, and if they could have been sustained by proof, they would constitute a perfect defence to the action. (De Cordova v. Smith, 9 Tex., 144; Mad. Chan., 414; De Witt v. Miller, 9 Tex., 246; Hemming v. Zimmerschitte, 4 Tex., 166; 5 Vesey, 720.) It will be perceived by reference to the statement of facts, that this land was surveyed for B. H. Durham, Mosely's vendor, in 1844, and patented in 1846; that in a suit by Elisha Ball v. David Hill, surveyor, praying a mandamus to compel Hill to survey this land for Ball, Durham alone employed counsel and defended Hill, and defeated the suit. This suit was filed 11th

November, 1845.   On the 27th February, 1849, Durham having died, his administrator returned an inventory of his estate, in which this tract of 177 acres is returned to the County Court as a part of Durham's estate.   In 1850, it was sold at public sale by the administrator, under an order of the court, and purchased by Mosely, and his deed duly recorded, and from that day to the commencement of the suit, Mosely paid taxes on it, and exercised acts of ownership, by having tenants on it, and using the timber, &c. Then we see, that from 1844, when Durham had the land surveyed, and declared it to be his in Withie's presence, to December, 1856, when the suit was filed, a period of twelve years, Withie makes no effort to enforce any right he may have had to this land, Durham and his administrator and Mosely all the time exercising acts of ownership over it.   Do not these facts show such laches on the part of Withie as to bar any right he may have had?   His right of entry was gone under the 14th section of the statute of limitations; (see Charle v. Saffold, 13th Tex., 94,) and it seems that where no particular clause of the statute of limitations is applicable to a particular case, the court will apply the longest term known to the statute to such case.   This would bar this case in ten years. (Tinnen v. Mebane, 10 Tex., 246.)

It is contended for the plaintiff below, that Mosely and Withie were tenants in common, and that his possession was Withie's. This doctrine is doubtless true as a general rule, and one tenant in common will not be permitted to set up his possession adversely to his co-tenant, but this possession may become adverse to the co-tenant by acts or declarations repelling the presumption that the possession is in the character of a co-tenant.   One tenant in common may disseize or hold adversely to another tenant in common, see Alexander v. Kennedy, 19 Tex., 492.   If Durham and Withie were ever tenants in common, the exclusive acts of ownership of Durham, and after by his administrator and Mosely, her vendee, constituted a disseizin or ouster of Withie and the possession then became adverse, and the statute then began to run.   The verdict should have been for the defendant under the proof, under the 16th section of the statute of limitations, prescribing five years within which suits must be brought against those in the peaceable

possession of land, cultivating, using or enjoying the same, and paying taxes thereon, and holding under a deed duly registered. It was in proof that Mosely had the possession of the land, from the time of his purchase in 1850, down to the time of bringing the suit. He did not reside on it in person, but he had tenants on it for most of the time, and used the timber. If there were intervals of a few weeks or months when there was no tenant on it, from accidental or other causes, that fact would not deprive the defendant of the benefit of the statute. The court so charged the jury, but that charge in its application to this case is believed to be erroneous. In Cochrane v. Farris, 18th Tex., 855, the court says, "The law does not require and especially with reference to the longer term of limitation, with regard to which the construction might be more liberal, than with respect to the shorter terms, that the intruder should be constantly in the actual occupancy. If his leaving be such as to evince an intention of abandoning the land, and to allow it to return to its former condition, then the constructive possession will revest in the true owner, and the running of the statute will be interrupted." "In Cunningham v. Patton 6th Barr, 355, it was held that where the tenant left the premises for *five months* for a special purpose, with an intention of returning, the continuity of his possession was not broken." If this extract from the opinion of the court in the case referred to, be sound law, then the charge of the court below, that the defendant or his tenants must be constantly in possession, was erroneous. The court erred in refusing the charges asked by defendant. The second charge asked by defendant was, "that neither an actual residence on, nor an enclosure of land by a fence, is necessary to constitute an adverse possession thereof, under the 16th section of the act of limitations prescribing five years, and that there are many other acts equally evincive of an intention to assert ownership and possession, such as entering land and making improvements thereon, making a crop of corn, felling and selling the trees thereon," &c. The substance of this charge asked on the part of the defendant, is derived from such high authority that it is difficult to perceive upon what ground it was refused. (See Ellicott v. Pearl, 10 Peters R., 441.)

*P. Murrah*, for defendant in error.

MOORE, J.   It is a matter of some doubt whether it was intended by the answer of the defendant below, to which the exceptions were sustained by the court, to set up a defence under the 14th or 17th sections of the statute of limitations, or to charge from the length of time that the plaintiff had delayed the prosecution of his suit, that it was to be regarded as a stale demand. It is evident, however, in whatever light it is viewed, that there was no error in the ruling of the court with reference to it, of which the plaintiff in error can complain.   It is unnecessary to enquire, if it was so intended, whether the answer was good as a plea of the want of entry by the plaintiff within ten years next before the commencement of the suit, or of title in defendant by reason of his adverse possession for ten years.   The testimony in the case conclusively shows that the defendant had not held even five years continuous possession of the land before the commencement of the suit, if his possession is to be regarded as adverse to his co-tenant. And the doctrine of stale demands, certainly has no application to such a case as the present.   If the plaintiff below was suing to enforce his equitable title, against a party holding the legal title, or to have the legal title decreed to him, this defence might probably be appropriately relied upon.   But in the present case, the plaintiff below seeks to obtain partition, and to recover his share of the land from a party who claims and holds directly through and under him.   It certainly cannot be said, that such a title is stale, when it is not alleged or pretended that it has been repudiated, or that an adverse claim to it has been brought to his knowledge for a sufficient length of time to bar a recovery even under the shorter terms of the statute of limitations.   The answer, however, tested by the rules of pleadings, is, also, believed to be wholly defective, and failed to present any valid defence to the plaintiff's cause of action.

Nor did the court err in sustaining the exceptions to that part of the answer, relying upon the suit by Ball against the surveyor Hill, and Durham's declarations in respect to it, that he employed counsel to defend said suit, and paid the expenses of surveying the

land, and procuring the patent; all of which, it was alleged, was inconsistent with Withie's title. If, in fact, Durham repudiated his title, and set up an exclusive claim to the land, a knowledge of it was not brought home to Withie; but if it had been, as there was no adverse possession of the land, it could not have affected his interest. The court for the same reasons properly excluded the testimony offered to establish a claim of exclusive title by Durham.

The verdict of the jury, with reference to the plea of limitations of five years, was well sustained by the testimony. The evidence was wholly insufficient to have supported a different verdict. Possession of the land was not taken until during the year 1851; it was abandoned in 1853, when the shanty and slaughterpen, which were the only improvements upon it, were removed; and it remained unoccupied until the fall of 1854, when Snively built a cabin and enclosed a small field upon ten acres of it, which he had contracted to purchase from Mosely. If there had not been a previous abandonment of the possession, the entry and subsequent holding of Snively would not have enured to the benefit of Mosely in respect to the other part of the land. (See Cunningham v. Frantzen, ante.)

With reference to the facts of the case, the charge of the court upon the law of limitations, was correct and sufficiently full. If the charge asked by the defendant below, was otherwise unexceptionable, it was unnecessary, and calculated to have misled the jury. It was inapplicable, and uncalled for by the facts, and was properly refused by the court. The testimony did not show that the defendant had at any time used the land to get timber. The most favorable view of it for him, is, that on several occasions he authorized different persons to get timber from the land, but it was not shown that they ever did so.

There is no error in the judgment, and it is affirmed.

Judgment affirmed.